(May 7, 1968)

■ CITY TRADE & INDUSTRIES, LTD., Appellant, v. NEW CENTRAL JUTE MILLS CO., LTD., Respondent.— Order, entered January 11, 1968, unanimously modified, on the law, on the facts and in the exercise of discretion, to delete the provisions in the last decretal paragraph staying the plaintiff from proceeding against defendant in the action pending in the United States District Court for the Southern District of Georgia (Civil Action No. 2046) without prejudice, however, to an application in such court for a stay of proceedings in such action, and as so modified, affirmed, without costs and disbursements. It is noted that the defendant was not originally made a party to the Georgia action but that plaintiff here, a defendant in such action, intends to prosecute therein a third-party complaint against this defendant seeking a recovery for a breach of the contract containing the arbitration clause. In the circumstances here, however, it is not deemed proper for this State court, in the action pending before it, to stay or restrain the plaintiff from proceeding in the action pending in the Federal court. (See *Star Constr. Corp.* v. *St. Paul Fire & Marine Ins. Co.*, 12 A D 2d 738; *Admiral Corp.* v. *Reines Distrs.*, 9 A D 2d 410, affd. 8 N Y 2d 773; *Vandervoort* v. *M. V. Effort, Inc.*, 50 Misc 2d 633.) The defendant may, of course, apply in the Georgia action for any proper relief. It was properly concluded that the contract between the parties does not provide for unlawful "vertical price fixing" in violation of Federal and State antitrust laws and that the provisions for arbitration are enforcible. (See 37 N. Y. Jur., Monopolies, §§ 28, 29; *Dawn to Dusk, Ltd.* v. *Brunckhorst Co.*, 23 A D 2d 780; *United States* v. *Columbia Pictures Corp.*, 189 F. Supp. 153.) The alleged antitrust issue will not be submitted to the arbitrators. (Cf. *Matter of Aimcee Wholesale Corp.* [*Tomar Prods.*], 21 N Y 2d 621.) Inasmuch as defendant's actions were fully consistent with an intention to preserve its right to arbitrate, defendant has not waived its rights under the arbitration clause. (See *Matter of Ladin* [*D. & C. Textile Corp.*], 20 A D 2d 8, affd. 14 N Y 2d 781.) Concur — Botein, P. J., Eager, Capozzoli, McGivern and Rabin, JJ.

(May 9, 1968)

■ In the Matter of WALTER V. BOUQUET, an Attorney.— Motion for reinstatement to the Bar granted. Concur — Steuer, J. P., Capozzoli, Tilzer, McNally and McGivern, JJ.